UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

\* \* \*

| | |
|---|---|
| SKYLER JAMES FOWLER,<br><br>　　　　　　Plaintiff,<br><br>　　v.<br><br>CHARLES DANIELS, *et al.*,<br><br>　　　　　　Defendants. | Case No. 3:22-CV-00195-MMD-CLB<br><br>**ORDER GRANTING MOTION FOR LEAVE TO FILE A SECOND AMENDED COMPLAINT**<br><br>[ECF No. 66] |

Before the Court is Plaintiff Skyler James Fowler's ("Fowler") motion for leave to file a second amended complaint. (ECF No. 66.) No opposition was filed. For the reasons stated below, the Court grants Fowler's motion to amend.

I. **FACTUAL BACKGROUND AND PROCEDURAL HISTORY**

Fowler is an inmate in the custody of the Nevada Department of Corrections ("NDOC") and is currently housed at the Northern Nevada Correctional Center ("NNCC"). Fowler initiated this action on May 2, 2022, by filing a civil rights complaint, (ECF No. 1), followed by an amended complaint on June 1, 2022, (ECF Nos. 8, 18). Pursuant to 28 U.S.C. § 1915A, the District Court screened Fowler's first amended complaint ("FAC") and allowed him to proceed on claims for (1) Eighth Amendment deliberate indifference to serious medical needs against Defendants Dr. Marks, LeGrand, Minev, and Daniels; (2) First Amendment retaliation against Defendant Dr. Marks; (3) First Amendment right to free exercise based on Fowler's inability to participate in the common fare diet against Defendants Terance and LeGrand; and (4) First Amendment right to free exercise based on cancellation of religious services between July 2021 and April 2022 against Defendant Daniels. (ECF No. 16.)

On October 4, 2022, the Court held a telephonic motion hearing regarding several motions filed by Fowler. (ECF No. 62.) Additionally, the Court discussed with the parties that the claims asserted in this case had been released in a settlement between the parties in another of Fowler's cases. Thus, the Court gave Fowler leave to file a motion

to amend his complaint to contain only events that occurred subsequent to the settlement in March 2022. Finally, the Court stayed discovery pending a ruling on Fowler's motion to amend. (*Id.*)

On November 22, 2022, filed the instant motion for leave to file a second amended complaint along with his proposed second amended complaint. (ECF Nos. 66, 66-1.) Defendants did not file an opposition or otherwise respond to the motion.

## II. LEGAL STANDARD

Federal Rule of Civil Procedure 15(a)(2) instructs that "[t]he court should freely give[] leave [to amend a pleading] when justice so requires." The Ninth Circuit has made clear Rule 15(a) permits liberal application. *Sonoma Cnty. Ass'n of Retired Emps. v. Sonoma Cnty.*, 708 F.3d 1109, 1117 (9th Cir. 2013). Under Rule 15(a), courts consider various factors, including: (1) bad faith; (2) undue delay; (3) prejudice to the opposing party; (4) the futility of the amendment; and (5) whether the plaintiff has previously amended his complaint. *Desertrain v. City of Los Angeles*, 754 F.3d 1147, 1154 (9th Cir. 2014). The factors do not weigh equally; rather, prejudice receives the greatest weight. *Brown v. Stored Value Cards, Inc.*, 953 F.3d 567, 574 (9th Cir. 2020) (citing *Eminence Cap., LLC v. Aspeon, Inc.*, 316 F.3d 1048, 1052 (9th Cir. 2003)).

Defendants bear the burden of establishing prejudice, and absent its presence or a "strong showing" under the other factors, there is a presumption in favor of permitting amendment. *Eminence Cap., LLC*, 316 F.3d at 1052 (citing *DCD Programs, Ltd. v. Leighton*, 833 F.2d 183, 186-87 (9th Cir. 1987)). When considering prejudice, the court may weigh against the movant the amended pleading's great alteration of the litigation's nature that requires the opposing party to defend against "different legal theories and . . . different facts." *AmerisourceBergen Corp. v. Dialysist W., Inc.*, 465 F.3d 946, 953 (9th Cir. 2006) (internal quotation omitted). Alone, such alteration is not fatal. *Morongo Band of Mission Indians v. Rose*, 893 F.2d 1074, 1079 (9th Cir. 1990).

By contrast, futility "alone can justify the denial of a motion for leave to amend." *Nunes v. Ashcroft*, 375 F.3d 805, 808 (9th Cir. 2003) (quoting *Bonin v. Calderon*, 59 F.3d

815, 845 (9th Cir. 1995)). Futility arises when the amendment is legally insufficient, *Missouri ex rel. Koster v. Harris*, 847 F.3d 646, 656 (9th Cir. 2017), or where the amended complaint would be subject to dismissal, such as when it violates the statute of limitations. *Platt Elec. Supply, Inc. v. EOFF Elec., Inc.*, 522 F.3d 1049, 1060 (9th Cir. 2008).

### III. DISCUSSION

Fowler timely moves to amend his complaint to narrow the allegations in his Eighth Amendment deliberate indifference to serious medical needs claim pursuant to this Court's direction. (*See* ECF No. 66.) Specifically, Fowler asserts (1) an Eighth Amendment deliberate indifference to serious medical needs claim against Defendants Minev, Marks, Daniels, and Jane Doe; (2) a First Amendment retaliation claim against Defendant Marks; (3) a First Amendment free exercise based on Fowler's inability to participate in the common fare diet against Defendants LeGrand and Terance; and, (4) a First Amendment free exercise based on cancellation of religious services between July 2021 and April 2022 against Defendant Daniels. No opposition to the motion was filed and the time to file an opposition has passed.

The Court finds that the motion to amend should be granted, as the above factors discussed in *Desertrain* weigh in Fowler's favor. First, rather than bad faith, the record demonstrates that Fowler is acting in good faith to amend his complaint to comply with this Court's instruction at the motion hearing held on October 4, 2022. Second, the Court instructed Fowler to file his motion by November 18, 2022, and Fowler's motion is dated November 18, 2022. (*See* ECF No. 66.) Therefore, the Court finds that Fowler did not delay in seeking amendment.

Third, Defendants are not prejudiced by the amendment, as it merely seeks to narrow the allegations in Fowler's deliberate indifference claim. Thus, the Court does not find that the amended complaint greatly alters the litigation's nature or requires an entirely new course of defense. *Morongo Band of Mission Indians,* 893 F.2d at 1079. Amendment is not futile, as the proposed amended complaint seeks to narrow allegations in the Eighth Amendment deliberate indifference claim. Finally, this is Fowler's second amended

pleading, thus this factor weighs in his favor. In sum, the above *Desertrain* factors each weigh in Fowler's favor, and, therefore, the Court concludes that amendment is proper.

Additionally, pursuant to LR 7-2(d), the failure of an opposing party to file points and authorities in response to any motion constitutes a consent to the granting of the motion. For these reasons, Fowler's motion to amend is granted. Because much of the allegations in the second amended complaint are identical to those in the FAC, (*Compare* ECF No. 18, *with* ECF No. 66-1), the Court adopts and incorporates the analysis from the original screening order, (ECF No. 16), into this Order.

## IV.  CONCLUSION

For the reasons discussed above, **IT IS ORDERED** that Fowler's motion for leave to file a second amended complaint, (ECF No. 66), is **GRANTED**.

**IT IS FURTHER ORDERED** that the Clerk of the Court shall **FILE** Fowler's second amended complaint, (ECF No. 66-1), which is now the operative complaint in this case.

**IT IS FURTHER ORDERED** that the first amended complaint will **PROCEED** with:

- Eighth Amendment deliberate indifference to serious medical needs claim against Defendants Minev, Marks, Daniels, and Jane Doe;
- First Amendment retaliation claim against Defendant Marks;
- First Amendment free exercise based on Fowler's inability to participate in the common fare diet against Defendants LeGrand and Terance; and,
- First Amendment free exercise based on cancellation of religious services between July 2021 and April 2022 against Defendant Daniels.

**IT IS FURTHER ORDERED** that Defendants shall file and serve an answer or other response to the second amended complaint within **60 days** from the date of this order.

**IT IS FURTHER ORDERED** that the parties shall submit a joint discovery plan and scheduling order within **30 days** from the date of the filing of the Answer.

**DATED**: December 19, 2022.

_____
**UNITED STATES MAGISTRATE JUDGE**