UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

\* \* \*

| | |
|---|---|
| SKYLER JAMES FOWLER,<br><br>　　　　　　　　　Plaintiff,<br>　　v.<br>CHARLES DANIELS, *et al.*,<br>　　　　　　　　　Defendants. | Case No. 3:22-cv-00195-MMD-CLB<br><br>ORDER |

*Pro se* Plaintiff Skyler James Fowler brings this action against Defendants Charles Daniels, Dana Marks, Michael Minev, the Nevada Department of Corrections ("NDOC"), Jane Doe, Kara LeGrand, and Roger Terance under 42 U.S.C. § 1983. (ECF No. 69.) Before the Court is the Report and Recommendation ("R&R") of United States Magistrate Judge Carla L. Baldwin (ECF No. 100), recommending the Court grant in part and deny in part Defendants' motion to dismiss[1] (ECF No. 73), and deny Plaintiff's motion to amend[2] (ECF No. 86). Objections to the R&R were due June 7, 2023. To date, neither party has objected to the R&R. For this reason, and as explained below, the Court adopts the R&R in full, and will grant in part and deny in part Defendants' motion to dismiss and deny Plaintiff's motion to amend.

Because there were no objections, the Court need not conduct de novo review, and is satisfied that Judge Baldwin did not clearly err. *See U.S. v. Reyna-Tapia*, 328 F.3d 1114, 1116 (9th Cir. 2003) ("De novo review of the magistrate judges' findings and recommendations is required if, but *only* if, one or both parties file objections to the findings and recommendations") (emphasis in original); Fed. R. Civ. P. 72, Advisory

---

[1]Plaintiff responded (ECF No. 88) and Defendants did not reply.

[2]Defendants did not respond. (ECF Nos. 62, 68.)

Committee Notes (1983) (providing that the Court "need only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation").[3]

      First, Judge Baldwin correctly found that there was substantial overlap between Plaintiff's Eighth Amendment deliberate indifference (Claim 1) and First Amendment retaliation (Claim 2) claims, and the allegations in Plaintiff's Las Vegas case,[4] where a settlement agreement was executed.[5] (ECF No. 100 at 17-18.) In fact, Plaintiff frequently cited to and copied portions of the Las Vegas case in his Second Amended Complaint ("SAC"); Judge Baldwin noted that several paragraphs in the present case were identical to the Las Vegas case. (*Id*. at 18.) *See Tahoe-Sierra Pres. Council, Inc. v. Tahoe Reg'l Planning Agency*, 322 F.3d 1064, 1078-79 (9th Cir. 2003). Moreover, Judge Baldwin correctly concluded that the allegations against the parties in Claims 1 and 2 were covered by the settlement agreement. (*Id*. at 20-22.) *See Owens v. Kaiser Found. Health Plan, Inc*., 244 F.3d 708, 713 (9th Cir. 2001); *Wojciechowski v. Kohlberg Ventures*, 923 F.3d 685, 689-90 (9th Cir. 2019). Hence, the Court adopts Judge Baldwin's recommendation to dismiss Claims 1 and 2 because they are barred by *res judicata* and the parties' prior settlement agreement.

      Second, Judge Baldwin properly found that Plaintiff's First Amendment religious services claim (Claim 4) is also barred by *res judicata*. (*Id*. at 19.) Plaintiff's allegations in the SAC pertain to broad NDOC policies that encompass the claims in the Las Vegas

---

[3] The Court incorporates by reference and adopts Judge Baldwin's description of the background and procedural history for this case and the Las Vegas case. (ECF No. 100 at 1-12.)

[4] In the prior Las Vegas case, *Fowler v. Sisolak, et al*., Case No. 2:19-cv-01418-APG-DJA (D. Nev. Aug. 15, 2019), the parties reached a settlement agreement and a stipulation for dismissal with prejudice was granted on April 19, 2022.

[5] In the Las Vegas settlement agreement, Plaintiff explicitly agreed to dismiss with prejudice and release "all claims related to or arising out of the Action or acts pertinent to or underlying the Action" and to forgo "any legal claims relating to the Action, as against all Named Defendants and potential defendants, as they would relate to the allegations in the Complaint(s)." (ECF No. 73-2 at 3-5, 8.) Plaintiff also agreed that the "sole remedy to enforce or interpret this Agreement" lies in a breach of contract action in Nevada *state court*. (*Id*. at 7.)

case. (*Id*.) Hence, an identity of claims exists between the two lawsuits and the allegations arise from the same transactional nucleus of facts. *See Tahoe-Sierra Pres. Council*, 322 F.3d at 1078-79. The parties are also identical or in privity between the two lawsuits and were subject to a final judgment on the merits in the Las Vegas case. (*Id*. at 20.) *See Owens*, 244 F.3d at 713; *Wojciechowski*, 923 F.3d at 689-90. Accordingly, the Court adopts Judge Baldwin's recommendation to dismiss Claim 4. (*Id*. at 25.) Dismissal is also appropriate because Plaintiff explicitly requests in his response that Claim 4 be dismissed if the Court dismissed Claims 1 and 2; Plaintiff wanted to proceed solely on Claim 3. (ECF No. 88 at 2 ("If however this Court is inclined to dismiss counts 1 [and] 2 in their entirety, [Plaintiff] asks that . . . count 4 of the SAC be dismissed without prejudice, and that the case be allowed to proceed on count 3 of the SAC").)

Next, Judge Baldwin correctly concluded that Plaintiff's First Amendment religious diet claim (Claim 3) may proceed against Defendants LeGrand and Terance and was not barred by *res judicata*. (ECF No. 100 at 18-19.) Claim 3 could not have been brought in the Las Vegas case since the allegations and policies were specific and unique to Lovelock Correctional Center ("LCC"). (*Id*.) On the other hand, the allegations in the Las Vegas case specifically pertained to events and policies at High Desert State Prison ("HDSP"). (*Id*.) Accordingly, the claims from the two lawsuits do not arise from the same transactional nucleus of fact and Claim 3 may proceed against LeGrand and Terance.[6] *See Tahoe-Sierra Pres. Council, Inc*., 322 F.3d at 1078-79.

Finally, Judge Baldwin properly found that Plaintiff's motion to amend should be denied because Plaintiff's proposed third amended complaint ("TAC") cannot cure the legal defects in Claims 1, 2, and 4, so amendment is futile. (*Id*. at 23.) Moreover, denial is consistent with Plaintiff's own request to withdraw his motion to amend if the Court

---

[6] In the motion to dismiss, Defendants alternatively contend that Plaintiff's claims should be dismissed for improper joinder because the claims "bear nothing in common" with each other and do not arise from the same transactional nucleus of facts. (ECF No. 73 at 2.) The Court rejects Defendants' argument because after adoption of the R&R, Plaintiff is only allowed to proceed with his First Amendment religious diet claim.

3

dismissed Claims 1 and 2. (ECF No. 88 at 2 (If the Court "is inclined to dismiss counts 1 [and] 2 in their entirety, [Plaintiff] asks that he be allowed to withdraw his motion for leave to amend").) The Court therefore accepts and adopts Judge Baldwin's R&R in its entirety. (ECF No. 100.)

It is therefore ordered that Judge Baldwin's Report and Recommendation (ECF No. 100) is accepted and adopted in full.

It is further ordered that Defendants' motion to dismiss (ECF No. 73) is granted in part as to Claims 1 (Eight Amendment deliberate indifference), 2 (First Amendment retaliation), and 4 (First Amendment religious services).

It is further ordered that Defendants' motion to dismiss (ECF No. 73) is denied in part as to Claim 3 (First Amendment religious diet). Plaintiff is only permitted to proceed on Claim 3 against Defendants Kara LeGrand and Roger Terance.[7]

It is further ordered that Defendants NDOC,[8] Michael Minev, Dana Marks, Charles Daniels, and Jane Doe are dismissed from this action.

It is further ordered that Plaintiff's motion to amend (ECF No. 86) is denied.

DATED THIS 12th Day of June 2023.

MIRANDA M. DU
CHIEF UNITED STATES DISTRICT JUDGE

---

[7]The Court notes that Terance was properly served on September 29, 2022, but has failed to defend or otherwise respond to this lawsuit. (ECF No. 61.) *See* Fed. R. Civ. P. 4(e). Plaintiff subsequently filed a motion for entry of clerk's default against Terance and submitted an affidavit (ECF Nos. 87, 89); the Clerk entered default for Terrance on April 21, 2023 (ECF No. 96). If Plaintiff wishes, he may file a motion for default judgment, which is the next step in obtaining default judgment against Terance. *See* Fed. R. Civ. P. 55(b).

[8]The Court adopts Judge Baldwin's recommendation to dismiss the NDOC since it is an "arm of the state" and not considered a person for purposes of § 1983. (ECF No. 100 at 20.) *See Crumpton v. Gates*, 947 F.2d 1418, 1420 (9th Cir. 1991).