**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

\* \* \*

| | |
|---|---|
| SKYLER JAMES FOWLER,<br><br>  Plaintiff,<br><br>v.<br><br>CHARLES DANIELS, *et al.*,<br><br>  Defendants. | Case No. 3:22-CV-00195-MMD-CLB<br><br>**REPORT AND RECOMMENDATION OF U.S. MAGISTRATE JUDGE**[1]<br><br>[ECF No. 106] |

Before the Court is Plaintiff Skyler James Fowler's ("Fowler") motion for default judgment against Roger Terance. (ECF No. 106.) No opposition was filed. For the reasons discussed below, the Court recommends the motion for default, (ECF No. 106), be granted, in part, and denied, in part.

**I.    FACTUAL BACKGROUND AND PROCEDURAL HISTORY**

Fowler is an inmate in the custody of the Nevada Department of Corrections ("NDOC") and is currently housed at the Northern Nevada Correctional Center ("NNCC"). Fowler initiated this action on May 2, 2022, by filing a civil rights complaint, (ECF No. 1), followed by an amended complaint on June 1, 2022, (ECF Nos. 8, 18). Pursuant to 28 U.S.C. § 1915A, the District Court screened Fowler's first amended complaint ("FAC") and allowed him to proceed on claims for (1) Eighth Amendment deliberate indifference to serious medical needs against Defendants Dr. Marks, LeGrand, Minev, and Daniels; (2) First Amendment retaliation against Defendant Dr. Marks; (3) First Amendment right to free exercise based on Fowler's inability to participate in the common fare diet against Defendants Terance and LeGrand; and (4) First Amendment right to free exercise based on cancellation of religious services between July 2021 and April 2022 against Defendant

---

[1]    This Report and Recommendation is made to the Honorable Miranda M. Du, United States District Judge. The action was referred to the undersigned Magistrate Judge pursuant to 28 U.S.C. § 636(b)(1)(B) and LR IB 1-4.

Daniels. (ECF No. 16.)

On October 4, 2022, the Court held a telephonic motion hearing regarding several motions filed by Fowler. (ECF No. 62.) Additionally, the Court discussed with the parties that the claims asserted in this case had been released in a settlement between the parties in another of Fowler's cases. Thus, the Court gave Fowler leave to file a motion to amend his complaint to contain only events that occurred after the settlement in March 2022. Finally, the Court stayed discovery pending a ruling on Fowler's motion to amend. (*Id.*) On November 22, 2022, Fowler filed a motion for leave to file a second amended complaint along with a proposed second amended complaint, (ECF Nos. 66, 66-1), which the Court ultimately granted as unopposed. (ECF No. 68.)

On February 17, 2023, Defendants filed a motion to dismiss the second amended complaint. (ECF No. 73.) On April 3, 2023, Fowler filed a motion to amend. (ECF No. 86.) The Court granted in part and denied in part Defendants' motion to dismiss based on *res judicata* and denied Plaintiff's motion to amend. (ECF Nos. 100, 102.) Specifically, Claims 1, 2, and 4 of the second amended complaint were dismissed. (*Id.*) Thus, the only claim remaining in this action is Claim 3 which is a First Amendment religious diet claim against Defendants LeGrand and Terance. (*Id.*)

On September 29, 2022, Defendant Terance was served. (ECF No. 61.) Summons were issued on the second amended complaint on December 19, 2022. (*See* ECF No. 96.) On April 3, 2023, Fowler filed a motion for entry of clerk's default regarding Terance. (ECF No. 89.) On April 21, 2023, the Clerk of Court entered default as to Terance based on his failure to plead or otherwise defend in this action. (ECF No. 96.)

Thus, on July 13, 2023, Fowler filed the instant motion for default judgment. (ECF No. 106.) Fowler argues he is entitled to a sum certain of $31,250, which is one eighth of the amount he requested in his operative complaint. (*Id.*) Additionally, Fowler requests costs in the amount of $409.66. (*Id.*) In support of his motion, Fowler submitted an affidavit regarding his requested damages. (ECF No. 106-1.)

///

On September 20, 2023, the Court held an evidentiary hearing on Fowler's motion for default. (ECF Nos. 115, 117.) At the hearing, Fowler specifically testified as to the harm he suffered due to Terance's actions. Namely, Fowler testified that Terance's actions caused Fowler to lose weight, be lethargic during workouts, hunger, guilt, nightmares, karma, and reincarnation. (*See* ECF No. 117 at 5:4-22; 12:22-13:16; 15:14-16:1.) Fowler further testified that he did not "really know how to put a number on the damages" as his harm "is not really something that can be calculated that way." (*Id.* at 14:21-23.) Finally, Fowler withdrew his request for punitive damages. (*Id.* at 16:24-17:1.)

## II.   LEGAL STANDARD

Federal Rule of Civil Procedure 55(b)(2) governs applications to the court for entry of default judgment when there is no "sum certain". Upon entry of default, the complaint's factual allegations regarding liability are taken as true, but allegations regarding the amount of damages must be proven. *See* Fed. R. Civ. P 55(b)(2); *Geddes v. United Fin. Group*, 559 F.2d 557, 560 (9th Cir. 1977) (also stating that Rule 55(b) "expressly authorizes the court to conduct a hearing on the issue of damages before entering a judgment by default" and rejecting argument that defaults admitted the full amount of damages claimed because "defaults established their respective liabilities, but not the extent of the damages"); *Comdyne I, Inc. v. Corbin*, 908 F.2d 1142, 1149 (3d Cir. 1990) ("A consequence of the entry of a default judgment is that the factual allegations of the complaint, except those relating to the amount of damages, will be taken as true.") (internal quotations and citations omitted); *see also Discovery Commc'ns, Inc. v. Animal Planet, Inc.*, 172 F.Supp.2d 1282, 1288 (C.D. Cal. 2001) ("[F]or purposes of a default judgment, the well-plead allegations of the complaint are take as true." (citing *TeleVideo Systems, Inc. v. Heidenthal*, 826 F.2d 915, 918 (9th Cir. 1987))). Thus, the Court proceeds to assess damages by assuming the veracity of plaintiff's factual allegations in the Complaint.

Pursuant to Federal Rule of Civil Procedure 55(b)(2), the Court may conduct hearings to determine the amount of damages, "to enter or effectuate judgment." *See*

Fed. R. Civ. P. 55(b)(2)(B). When a plaintiff's damages are unliquidated (i.e., capable of ascertainment from definite figures contained in documentary evidence or in detailed affidavits) or punitive, they require "proving up" through an evidentiary hearing or some other means. *See Dundee Cement Co. v. Howard Pipe & Concrete Prods.*, 722 F.2d 1319, 1323-24 (7th Cir. 1983). A "[p]laintiff's burden in 'proving up' damages is relatively lenient. If proximate cause is properly alleged in the complaint, it is admitted upon default." *Elektra Entm't Group, Inc. v. Bryant*, 2004 WL 783123, at *2 (C.D. Cal. 2004) (citing *Greyhound Exhibitgroup, Inc. v. E.L.U.L. Reality Corp.*, 973 F.2d 155, 159 (2d Cir. 1992)). Injury is admitted upon default, but the plaintiff "still must prove that the compensation sought relates to the damages that naturally flow from the injuries pled." *Wu v. Ip*, 1996 WL 428342, at *1 (N.D. Cal. 1996) (citing *Greyhound*, 973 F.2d at 159). "[I]f the facts necessary to determine damages are not contained in the complaint, or are legally insufficient, they will not be established by default." *Elektra*, 2004 WL 783123, at *2 (citing *Cripps v. Life Ins. Co. of N. America*, 980 F.2d 1261, 1267 (9th Cir. 1992)).

The decision to enter default is within the discretion of the district court. *See Eitel v. McCool*, 782 F.2d 1470, 1471 (9th Cir. 1986); *see also Aldabe v. Aldabe*, 616 F.2d 1089, 1092-93 (9th Cir. 1980). When considering whether to exercise its discretion to enter a default judgment, a court may take into account: (1) possible prejudice to the plaintiff; (2) the merits of the claims; (3) the sufficiency of the complaint; (4) the amount of money at stake in the action; (5) the possibility of a dispute concerning material facts; (6) whether the default was due to excusable neglect; and (7) the preference for decisions on the merits. *Eitel*, 782 F.2d at 1471-72. In addition, "[a] default judgment must not differ in kind from, or exceed in amount, what is demanded in the pleadings." Fed. R. Civ. P. 54(c).

Damages under 42 U.S.C. Section 1983 may be both punitive and compensatory. "[P]unitive damages in an action under § 1983 [may be assessed] when the defendant's conduct is shown to be motivated by evil motive or intent, or when it involves reckless or callous indifference to the federally protected rights of others." *Smith v. Wade*, 461 U.S.

30, 56 (1983). Punitive damages "are never awarded as of right, no matter how egregious the defendant's conduct." *Id.* at 52. "Compensatory damages, by contrast, are mandatory; once liability is found, the [factfinder] is required to award compensatory damages in an amount appropriate to compensate the plaintiff for his loss." *Id.* Further, under the Prison Litigation Reform Act ("PLRA"), "[n]o Federal civil action may be brought by a prisoner confined in a jail, prison, or other correctional facility, for *mental or emotional injury* suffered while in custody *without a prior showing of physical injury* or the commission of a sexual act." 42 U.S.C. § 1997e(e) (emphasis added.

## III.  DISCUSSION

First, in the operative complaint, Fowler sought compensatory damages against all defendants in the amount of $100,000, punitive damages in the amount of $150,000, and nominal damages in the amount of $1. (ECF No. 69.) In his motion for default judgment against defendant Terance, Fowler seeks judgment in the amount of $31,659.66, which includes $12,500 in compensatory damages, $18,750 in punitive damages, and $409.66 in fees, which represents one eighth of Fowler's original request, plus the full filing fee. (ECF No. 106.)

Even accepting Fowler's testimony and the factual allegations in the complaint as true, Fowler has failed to provide the Court with any evidence upon which the Court can properly rely to reasonably measure the extent to which Fowler was damaged by defendant's conduct. Thus, Fowler offers no evidence or other basis upon which the Court can properly assess the amount of damages that he seeks.

The facts and evidence provided to the Court do not support Fowler's position that defendant Terance's alleged interference with his religious diet accommodation, (*See* ECF No. 69 at 16), resulted in damages of $31,250. Fowler has not sufficiently alleged in his complaint, the motion for default judgment, or at the evidentiary hearing, the precise nature of the damages that he suffered *because of* defendant Terance's conduct. *See Wu v. Ip*, 1996 WL 428342, at *1 (although injury is admitted upon default, plaintiff "still must prove that the compensation sought relates to the damages that naturally flow from

the injuries pled"); *Elektra*, 2004 WL 783123, at *2 (facts necessary to determine damages that are not contained in the complaint or are legally insufficient are not established by default.)

This was underscored by Fowler's testimony that he did not "really know how to put a number on the damages" as his harm "is not really something that can be calculated that way." (ECF No. 117 at 14:21-23.) However, Fowler may not recover some indescribable and indefinite damage allegedly arising from a violation of his constitutional rights. *See, e.g., Memphis Cmty. Sch. Dist. v. Stachura*, 477 U.S. 299, 308 n. 11 (1986) (stating "nominal damages, and not damages based on some undefinable 'value' of infringed rights, are the appropriate means of 'vindicating' rights whose deprivation has not caused actual, provable injury"); *Risdal v. Halford*, 209 F.3d 1071, 1073 (8th Cir. 2000) (holding court must award nominal damages in the amount of $1.00 for First Amendment violations).

Fowler testified at length that he suffered various types of mental distress and emotional harm. The Court finds that Fowler's testimony was credible, and believes that he suffered the emotional harm he testified to. In fact, the Court was moved by Fowler's statements and testimony. Unfortunately, however, pursuant to the PLRA, Fowler cannot recover damages based on mental or emotional injury without a prior showing of physical injury, which he does not allege or show. *See* 42 U.S.C. § 1997e(e). In this instance, he did not provide any testimony or evidence that establishes that he suffered a physical injury *prior to* the onset of his emotional injuries he testified to. Therefore, he cannot recover compensatory damages for these emotional harms pursuant to the PLRA.

Additionally, Fowler withdrew his request for punitive damages. However, even if he had not withdrawn these damages, he has not demonstrated that defendant Terance's conduct was "motivated by evil motive or intent" or involved "reckless or callous indifference to the federally protected rights of others" so as to support an award of punitive damages in any amount. *Smith*, 461 U.S. at 56; *see id.* at 52 (punitive damages "never awarded as of right, no matter how egregious the defendant's conduct").

As such, based on the limitations placed on the damages that can be awarded in this case pursuant to the PLRA, the Court finds Fowler is entitled to nominal damages. Unlike compensatory damages, which "serve to return the plaintiff to the position he or she would have occupied had the harm not occurred," nominal damages are "a purely symbolic vindication of [a] constitutional right," and are awarded regardless of whether "the constitutional violation causes any actual damage." *See Schneider v. County of San Diego*, 285 F.3d 784, 795 (9th Cir. 2002) (quotation marks and citation omitted); *see id.* at 794 ("Nominal damages must be awarded if a plaintiff proves a violation of his [or her] constitutional rights."); *Cummings v. Connell*, 402 F.3d 936, 942 (9th Cir. 2005) (stating that "[a]s distinguished from punitive and compensatory damages, nominal damages are awarded to vindicate rights, the infringement of which has not caused actual, provable injury" and quoting *Carey v. Piphus*, 435 U.S. 247, 266 (1978) ("Common-law courts traditionally have vindicated deprivations of certain 'absolute' rights that are not shown to have caused actual injury through the award of a nominal sum of money.")); *Harrell v. Kepreos*, 2008 WL 619117, at *4 (E.D. Cal. 2008) ( "[I]n an action for alleged violations of civil rights, where compensatory damages are not proved, nominal damages may be awarded to vindicate the deprivation of a constitutional right."). In this case, although Fowler has failed to demonstrate that he is entitled to an award of compensatory or punitive damages, the Court finds that Fowler is entitled to nominal damages in the amount of $1.00 as a result of defendant Terance's conduct.

## IV.   CONCLUSION

Accordingly, it is therefore recommended that Fowler's motion for default, (ECF No. 106), be granted, in part, and denied, in part, as discussed above.

The parties are advised:

1.    Pursuant to 28 U.S.C. § 636(b)(1)(c) and Rule IB 3-2 of the Local Rules of Practice, the parties may file specific written objections to this Report and Recommendation within fourteen days of receipt. These objections should be entitled "Objections to Magistrate Judge's Report and Recommendation" and should be

accompanied by points and authorities for consideration by the District Court.

2. This Report and Recommendation is not an appealable order and any notice of appeal pursuant to Fed. R. App. P. 4(a)(1) should not be filed until entry of the District Court's judgment.

## V. RECOMMENDATION

**IT IS RECOMMENDED** that Fowler's motion for default, (ECF No. 106), be **GRANTED, IN PART, AND DENIED, IN PART.**

**IT IS FURTHER RECOMMENDED** that judgment be awarded to Fowler in the amount of $1.00 in nominal damages against defendant Roger Terance.

**DATED**: October 31, 2023.

_____
**UNITED STATES MAGISTRATE JUDGE**