# UNITED STATES DISTRICT COURT
# DISTRICT OF NEVADA

\* \* \*

| | |
|---|---|
| SKYLER JAMES FOWLER,<br><br>Plaintiff,<br><br>v.<br><br>CHARLES DANIELS, *et. al.,*<br><br>Defendants. | Case No. 3:22-cv-00195-MMD-CLB<br><br>**ORDER GRANTING MOTION TO STAY**<br><br>[ECF No. 127] |

Before the Court is Plaintiff Skyler James Fowler's ("Fowler") motion to stay case, (ECF No. 127). Fowler requests a stay in this case while the parties negotiate a possible settlement. Fowler also notes that there have been issues with discovery, including allegations of "blatant bad-faith refusal to cooperate in discovery" by Defendants. (*Id.*) Defendants did not oppose or otherwise respond to the motion.

It is well established that district courts have the inherent power to control their dockets and manage their affairs; this includes the power to strike or deny motions to streamline motion practice and promote judicial efficiency. *Ready Transp., Inc. v. AAR Mfg., Inc.*, 627 F.3d 402, 404–05 (9th Cir. 2010); *Landis v. N. Am. Co.*, 299 U.S. 248, 254 (1936). Additionally, "the power to stay proceedings is incidental to the power inherent in every court to control the disposition of the causes on its docket with economy of time and effort for itself, for counsel, and for litigants." *Landis*, 299 U.S. at 254. When exercising that discretion, courts are guided by the goals of securing the just, speedy, and inexpensive resolution of actions. *See* FED. R. CIV. P. 1.

To that end, the Court considers several articulated factors when deciding whether to stay a case: "the competing interests which will be affected by the granting or refusal to grant a stay must be weighed" including the possible damage which may result from the granting of a stay, the hardship or inequity which a party may suffer in being required to go forward, and the orderly course of justice measured in terms of the simplifying or

complicating of issues, proof, and questions of law which could be expected to result from a stay." *CMAX, Inc. v. Hall*, 300 F.2d 265, 268 (9th Cir. 1962).

The Court has considered these factors and finds, in the exercise of its sound discretion, that a brief stay of these proceedings for 90 days is appropriate.

For good cause appearing, **IT IS ORDERED** that Fowler's motion to stay case, (ECF No. 127), is **GRANTED**.

**IT IS FURTHER ORDERED** that this action is **STAYED** for 90 days from the date of this order, at which point the stay shall be automatically lifted.

**IT IS SO ORDERED.**

DATED: __April 10, 2024__.

_____
**UNITED STATES MAGISTRATE JUDGE**